UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELIPE AVINA MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV-10-0375-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 19 and Defendant's Motion for Summary Judgment, ECF No. 21. The motions were heard without oral argument. Plaintiff is represented by Donald C. Bell. Defendant is represented by Assistant United States Attorney Frank A. Wilson and Special Assistant United States Attorney Kathy Reif.

**I.   Jurisdiction**

On November 27, 2006, Plaintiff, Felipe Morales, applied for Supplemental Security Income (SSI) benefits. On December 7, 2006, Plaintiff filed an application for Disability Insurance Benefits (DIB). Plaintiff alleges inefficient ambulance due to an amputation with an onset date of July 2, 2004. His application was denied initially on January 11, 2007 and on reconsideration on July 31, 2007. After timely requesting a hearing, on August 19, 2009, Plaintiff appeared by video conference before Administrative Law Judge ("ALJ") Michael S. Hertzig, from Metairie, Louisiana. ALJ Hertzig denied benefits, concluding that based on Plaintiff's age, education, work experience, and residual functional

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

capacity there were jobs in significant numbers in the national economy that he could perform. Plaintiff filed a request for review by the Appeals counsel, which was denied. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled. *Id.*  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

**III.   Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.   Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

As a result of an accident, in 2004, Plaintiff's right foot and ankle were amputated below the knee. For the first three years, he had difficulty in getting fitted for the correct prosthetics (Tr. 26).

At the time of the hearing, Plaintiff was 41 years old and living with his ex-wife in Wenatchee, Washington (Tr. 23, 30). He was taking classes at Wentachee Valley College to earn his GED and was working part-time, approximately 20-25 hours per week for Opportunity Industries, which provides janitorial service for UPS (Tr. 23, 28). He had been working for Opportunity Industries for a little over two years (Tr. 23, 190).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 4

In a typical day, Plaintiff usually gets up at 7:00 a.m., begins work at 8:00 a.m., and leaves work at noon or 1:00 p.m (Tr. 24). He then takes his prosthetic off to prevent blisters (Tr. 24-25). He does not drive but manages to get to work and class (Tr. 30). Plaintiff also helps with household chores such as "laundry, cooking and all the basics." (Tr. 30). He frequently uses a cane to assist with his mobility.

He stated that his primary hindrance is putting weight on his stump (Tr. 29). He has less difficulty sitting, but he cannot have his prosthesis on for too long even while seated because he has to remove and clean it to prevent irritation. *Id.* He believed that he could work for approximately 3 to 4 hours without a cane, and about 1 or 2 more hours with a cane. *Id.* He experiences blisters if he tries to walk more than this. *Id.*

Plaintiff worked in August, October, and November, 2006 earning $967.89 (Tr. 192). In 2007, he worked one day in January, and also worked in August, with two days in September. *Id.* Then, beginning in October, 2007, Plaintiff works up to 5 hours a day for Opportunity Industries, which provides janitorial services for UPS (Tr. 189).

**V.    The ALJ's findings**

Plaintiff appeared in Wenatchee, Washington and was represented by Donald C. Bell (Tr. 9). A vocational expert, Mr. McKinney, was present at the hearing. After the ALJ posed a hypothetical and Mr. McKinney opined that a person with that particular hypothetical could perform sedentary and light work if a discretionary sit/stand option was available, the ALJ ultimately withdrew his question and proceeded to make his findings without the assistance of a vocational expert.

At step one, the ALJ found that although the Plaintiff had engaged in part-time work his work activity did not rise to the level of substantial gainful activity (Tr. 11). At step two, the ALJ found that the claimant had a severe impairment that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 5

was affirmed through medical evidence *Id.* At step three, the ALJ found that Plaintiff's impairment did not meet or equal the listed impairments in 20 CFR Part 404, Subpart P, App. 1 (Tr. 12). At step 4, the ALJ determined that Plaintiff could not do the past work of welder or laborer. At step 5, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR §§ 404.1567 & 416.967(a) (Tr. 12).

## VI. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1. Whether the ALJ had a specific and legitimate reason for rejecting the opinions of his treating medical providers, particularly Dr. Starkweather;

2. Whether the ALJ's negative credibility finding was supported by evidence of drug seeking behavior and minimal objective findings; and

3. Whether the ALJ's reliance on the Medical-Vocational Guidelines was proper?

## VII. Discussion

### 1. The ALJ provided specific and legitimate reason for rejecting Dr. Starkweather's conclusions

Plaintiff argues that the ALJ's conclusion that he could perform work that existed in the National Economy was based on legal error and not supported by substantial evidence. Additionally, Plaintiff argues that if the ALJ had properly credited Dr. Starkweather's opinions, he would have concluded that Plaintiff either met or equaled listing 1.05B of Appendix 1 to Subpart P., 20 C.F.R. Part 404, or alternatively, in conducting the Step 5 analysis, he would have concluded that Plaintiff was precluded from performing any work in the National Economy.

Throughout the time Dr. Starkweather was treating Plaintiff, he consistently

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 6

concluded that he was not able to work.

| Notation | Date of Treatment | Transcript Page |
|---|---|---|
| not able to work | 8/21/2006 | 240, 267, 345 |
| not able to work | 9/13/2006 | 246, 352 |
| not able to work | 11/16/2006 | 251, 357 |
| not able to work | 11/20/2006 | 257 |
| not able to work | 3/21/2007 | 362 |
| not able to work | 7/10/2007 | 367 |

In concluding that Plaintiff did not meet Listing 1.05B, he relied on medical evidence that showed that Plaintiff was ambulatory within 12 months on the alleged onset day.[1] This conclusion is supported by substantial evidence in the record. Additionally, the record does not provide the necessary medical findings to establish disability at step three. *Tackett,* 180 F.3d at 1100 (noting that a generalized assertion of functional problems is not enough to satisfy disability at step three).

---

[1] Listing 1.05B requires "[o]ne or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively...which have lasted or are expected to last for at least 12 months." 20 C.F.R. § 404, Subpt. P., App. 1, 1.05B. Ambulate effectively is given a specific meaning:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail

20 C.F.R. § 404, Subpt. P., App. 1, 1.00(b).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 7

Moreover, the ALJ's discounting of Dr. Starkweather's opinion that Plaintiff was unable to work was not legal error. The ALJ properly noted that Dr. Starkweather's conclusion was not based on any documented restrictions on his ambulation (Tr. 13). He also noted that Plaintiff was, in fact, working during this time, and noted that Plaintiff was currently working 20-25 hours as a janitor and attending classes for his General Equivalency Diploma. *Id.*

The ALJ did not err when he found Dr. Starkweather's notation less reliable than other physicians, and he provided specific and legitimate reasons for rendering Dr Starkweather's notations less persuasive.[2]  Dr. Starkweather's opinions were brief, conclusory and not adequately supported by clinical findings. Additionally, his opinion was contradicted by other evidence of the record, which demonstrated conclusively that Plaintiff was, in fact, able to work.

## 2. The ALJ's negative credibility finding was supported by substantial evidence

---

[2]In a disability proceeding, the treating physician's opinion is given special weight because he is employed to cure and has a greater opportunity to observe the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). Nevertheless, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). An ALJ does not need to accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F. 3d 1211, 1216 (9th Cir. 2005).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 8

The ALJ found that while Plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (Tr. 13). The ALJ properly engaged in the two step process to evaluate Plaintiff's testimony regarding subjective pain.[3]

The record substantially supports the conclusion that Plaintiff engaged in drug-seeking behavior. The following is a summary of Plaintiff's visits at Columbia Valley Community Health.

| Date | Provider | Symptoms / Diagnosis | |
|---|---|---|---|
| 9/8/2004 | Hale | seeking meds; provided prescription for Oxycodone | 224 |
| 9/22/2004 | Nurse | seeking refill for Vicodin; asked for oxycodone, but did not wait for doctor confirmation | 223 |
| 9/23/2004 | Noel | request consult to change meds to oxycodone; prescription provided | 221 |

---

[3]In order to find a claimant's testimony regarding severity of his impairments unreliable, the ALJ must make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). (citation omitted). In doing so, the Court engages in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once a "claimant meets this first test, and there is not evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering clear and convincing reasons for doing so." *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

| Date | Provider | Symptoms / Diagnosis | |
|---|---|---|---|
| 9/252004 | Hale | med change - prescribed Oxycodone | 219 |
| 9/272004 | Seaman | chronic pain/drug seeking - 20 Vicodin | 217 |
| 9/30/2004 | Olson | med refill | 215 |
| 10/01/2004 | Hale | complaints of pain in left foot; sought Percocet in ER on 10/31/2004 and was denied. | 214 |
| 10/07/2004 | Hale | complaints of pain - prescribed Naproxen | 213 |
| 10/11/2004 | Seaman | med refill for pain - advised that he must consult with Dr. Hale | 212 |
| 10/13/2004 | Hale | med refill | 211 |
| 10/27/2004 | Hale | med refill | 210 |
| 11/06/2004 | Hale | med refill - 20 Percocet provided | 209 |
| 11/10/2004 | Keyser | complaints of pain - advised to wait for consult, left without services | 207 |
| 11/11/2004 | Hale | complaints of pain - Oxycodone | 206 |
| 11/24/2004 | Hale | med refill - Oxycodone | 204 |
| 12/07/2004 | Rickard | behavior health; discussed use of percocet | 226 |
| 12/08/2004 | Hale | med refill - Oxycodone | 202 |
| 5/22/2009 | Tinsley | swelling on stump; provided prescription for 20 Percocet | 390 |
| 6/3/2009 | Whitehall | tooth pain; provided prescription for 20 Percocet for pain | 391 |
| 6/16/2009 6/17/2009 | Tinsley / Olsen | abscess / pain in stump; provided prescription for 20 Percocet for pain | 393-396 |

The following sets forth Plaintiff's attempt to obtain Oxycodone or Percocet from Wenatchee Valley Clinic.

| Date | Provider | Symptoms / Diagnosis | |
|---|---|---|---|
| 1/3/2008 | Eichler | provided prescription of Percocet, no refills until his new prosthesis is fitted | 397 |
| 1/24/2008 | Eichler | seeking prescription for Oxycodone; not filled | 399 |
| 2/6/2008 | Clark | seeking prescription of Oxycodone for sore thumb; prescription was not filled | 400 |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

| | | | |
|---|---|---|---|
| 2/20/2008 | Eichler | requesting early refill of Percocet; reported that new prosthetic is fitting better | 203 |
| 4/11/2008 | Eichler | meds prescribed for nocturnal leg cramps | 404 |
| 4/23/2008 | Thorson | corticosteroid injection for left thumb | 405 |
| 5/6/2008 | Eichler | infected hair follicle; requested muscle relaxants for leg cramping | 407 |

In reviewing these records, it is clear that many of Plaintiff's treatment providers believed that his request for oxycodone or percocet was not supported by objective medical findings. In addition, the record suggests that Plaintiff reacted negatively when his requests for oxycodone or percocet was denied; and he refused other medication options (Tr. 212, 214, 223).

The ALJ did not err when he concluded that Plaintiff was not credible with regard to his subjective pain.[4] The ALJ properly weighed the factors listed in SR 88-13[5] and rejected provided clear and convincing reasons for doing so. Notably, the record indicates that Plaintiff's pain was not so severe to prevent him from engaging in daily activities (and working 5 hours a day) as well as attending school.

### 3. The ALJ's reliance on the Medical-Vocational Guidelines was proper

---

[4] Evidence of drug seeking behavior and malingering detract from a plaintiff's credibility. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[5] SR88-13 provides a number of factors the ALJ must consider in determining credibility of the claimant's allegations of disabling pain: (1) the nature, location, onset, duration, frequency, radiation and intensity of any pain; (2) precipitating and aggravating factors (e.g. movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimants daily activities.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11**

Plaintiff asserts that the ALJ erred when it strictly relied on the Medical-Vocational Guidelines ("Grids"). Plaintiff argues that the ALJ's decision to call a vocational expert to testify implied that Plaintiff's determination could not be based solely on the Grids[6], and maintains that he has non-exertional limitations from his pain and postural limitations.

Here, the ALJ did not err in relying solely on the grids. As demonstrated above, the ALJ's conclusion that Plaintiff's credibility regarding his pain limitations were not credible. While Dr. Staley identified postural limitations[7] these limitations are not significant. *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993) (holding that the guidelines may not be applied routinely without more analysis to a claimant who has significant nonexertional limitations.).

The ALJ properly found that Plaintiff could perform unskilled sedentary

---

[6] An ALJ does not have to identify specific jobs that claimant is capable of performing, but instead may rely on the Medical-Vocational Guidelines. *Heckler v. Campbell,* 461 U.S. 458, 470 (1983). However, the ALJ can only rely on the grids when they completely and accurately represent the claimant's limitations. *Tackett*, 180 F.3d at 1101. "An [ALJ] may not rely solely on the grids to deny benefits when additional impairments detract from a claimant's ability to work." *Cooper v. Sullivan,* 880 F.2d 1152, 1156 (9th Cir. 1989). "A non-exertional impairment-including postural and manipulative limitations such as pain, difficulty reaching, handling, stooping, climbing, crawling, or crouching-may, if sufficiently severe, limit a claimant's functional capacity in ways not contemplated by the grids." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006); 20 C.F.R. § 404.1569.

[7] Dr. Staley concludes that Plaintiff had the following postural limitations: stooping (frequently); climbing, balancing, kneeling, crouching, crawling (occasionally) and ladder/rope, scaffolds (never) (Tr. 373).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 12

work. The limitations identified by Dr. Staley does not significantly erode the occupational base of unskilled sedentary work, and would not prevent Plaintiff from obtaining work in the sedentary classification.

In conclusion, the ALJ's finding that Plaintiff could perform jobs that exist in significant numbers in the national economy is supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 19, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 8th day of November, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2010\Morales\sj.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 13